The order below is hereby signed.

Signed: November 15 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HIMIE MYRON PICKETT, | ) | Case No. 11-00764 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE DISMISSAL UNDER 11 U.S.C. § 109(h)

For the reasons that follow, this case will be dismissed on the basis that the debtor failed to obtain prepetition credit counseling as required by 11 U.S.C. § 109(h).

I

On October 12, 2011, the debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.), but he neglected to file both the certificate of prepetition credit counseling and Exhibit D to the voluntary petition (Dkt. No. 1). The clerk's office issued a notice advising the debtor of the missing Exhibit D, but the deficiency remains uncorrected.

On October 27, 2011, the court issued an Order to Show Cause directing the debtor to either file a prepetition credit

counseling certificate or show cause why the case ought not be dismissed (Dkt. No. 17).  The debtor filed a response contending that he was unable to pay for credit counseling prepetition, and he was unable to afford the counseling until October 31, 2011, more than two weeks post-petition.  The response was not signed and ordinarily the clerk would require the debtor to promptly file a signed copy, but that would not be productive: even if the debtor had properly signed the response, the court would nevertheless conclude that the debtor is ineligible to be a debtor under § 109(h).  No other response has been timely filed to show cause why the case ought not be dismissed.

II

Section 109(h) requires all individuals filing for bankruptcy to obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit

budget and credit counseling agency before the debtor filed the petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds the certification satisfactory.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen-day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Courts "have consistently held that the inability to pay for credit counseling does not qualify as [an] exigent circumstance" *In re Fortman*, 456 B.R. 370, 374 (Bankr. N.D. Ind. 2011),[1] and although the debtor's response may explain why the debtor failed to secure counseling prepetition, it does not demonstrate eligibility for a temporary waiver under § 109(h)(3). The debtor having failed to satisfy the prepetition credit counseling requirement of § 109(h), and having failed to demonstrate eligibility for waiver, the court will dismiss this case.  An order of dismissal follows.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.

---

[1] The court also notes that under 11 U.S.C. § 111(c)(2)(B), credit counseling agencies are required to "provide services without regard to ability to pay the fee."